# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CHARLES M. STEELE,

    Plaintiff,

    vs.

OHIO DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

Case No. 2:19-cv-3548

Chief Judge Edmund A. Sargus, Jr.

Chief Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Charles M. Steele, a state inmate proceeding without the assistance of counsel, brings this action against the Ohio Department of Rehabilitation and Corrections ("ODRC"), Gary "Morh" (Director of ODRC), Charlotte Jenkins (Warden at Chillicothe Correctional Institution ("CCI")), Tim Shoop (CCI Warden), and Richard T. Cholar, Jr. (Assistant Attorney General). This matter is before the undersigned for consideration of Plaintiff's request to proceed *in forma pauperis* (ECF No. 1) and for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**, but it is **RECOMMENDED** that this action be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

## I.  REQUEST TO PROCEED *IN FORMA PAUPERIS*

Having considered Plaintiff's request to proceed *in forma pauperis* (ECF No. 1), his request is **GRANTED**.

Plaintiff's August 9, 2019, account statement reveals that he currently possesses the sum of $36.54 in his prison account, which is insufficient to pay the full filing fee.  Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (#A306310) at the Chillicothe Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.  28 U.S.C. § 1915(b)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Here, the undersigned notes that Plaintiff has submitted contemporaneously with his request to proceed *in forma pauperis* a check from CCI in the amount of $35.00. The Clerk is **DIRECTED** to process this check consistent with the foregoing instructions.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. INITIAL SCREEN

### A. Applicable standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;

---

[1] Formerly 28 U.S.C. § 1915(d).

(ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for

the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Analysis**

Plaintiff, currently incarcerated at CCI, asserts claims for breach of contract, intentional infliction of emotional distress, fraudulent misrepresentation, and "negligent acts" against ODRC and four individuals. (*See generally* ECF No. 1-1.) Plaintiff's claims arise from the settlement of a class action brought, with the assistance of counsel, on behalf of CCI inmates in connection with alleged exposure to unabated asbestos throughout CCI. (*Id*. (citing *Smith v. Ohio Dep't of Rehab. and Corr.*, No. 2:08-cv-15 ("the *Smith* action")).)[1] On April 26, 2012, this Court approved the parties' stipulated private settlement agreement in the *Smith* action ("the Private Settlement Agreement"). (ECF No. 203 (Opinion and Order granting request for certification of class and approving Private Settlement Agreement) and ECF No. 170-1, filed in No. 08-cv-15 (Private Settlement Agreement, ¶ 6(B) ("Except with respect to individual claims for money damages not dismissed pursuant to the stipulation of dismissal attached as Exhibit D, the Court shall not retain jurisdiction of this action. Any action resulting from the performance or non-

---

[1] The *Smith* parties consented to the jurisdiction of the United States Magistrate Judge, Norah McCann King, who is now on recall status and no longer assigned new cases.

performance of this agreement shall be brought in state court. Any inmate at CCI may file an action in state court to enforce this agreement.")).)

Plaintiff was not a named Plaintiff in the *Smith* action but in October 2016, he filed a "Request for Trial for Breach of Contract and Request for Judgment on Breach of Contract." (ECF No. 1-1 at PAGEID ## 72–75, filed in No. 19-cv-3548; ECF No. 213 filed in No. 08-cv-15.) The Court denied his request, advising that the Private Settlement Agreement made clear that enforcement proceedings must be initiated in state court. (ECF No. 219 filed in No. 08-cv-15 (citing Private Settlement Agreement, ¶ 6B).)

On November 22, 2016, Plaintiff filed a complaint in the Franklin County Court of Common Pleas ("the state court"), naming as Defendants Charlotte Jenkins and Gary C. Mohr, and asserting claims of breach of contract, intentional infliction of emotional distress, fraudulent misrepresentation, and negligent acts ("the state court action"). (ECF No. 1-1 at PAGEID # 67 (citing Exhibit B, attached thereto (ECF No. 1-1 at PAGEID ## 76–79).) In January 2017, the state court dismissed the action. (ECF No. 1-1 at PAGEID # 67; Exhibits C and D, attached thereto (ECF No. 1-1 at PAGEID ## 80–83).) Plaintiff appealed the dismissal of the state court action, which was subsequently affirmed. (ECF No. 1-1 at PAGEID # 67.)

Having lost in state court, Plaintiff apparently thinks that he has "exhausted" his state court remedy and seeks to litigate in this Court his claims arising from the Private Settlement Agreement in the *Smith* action. (*See generally* ECF No. 1-1.) Plaintiff, however, is mistaken; this is not a matter of exhaustion. As set forth above, Plaintiff's only remedy is in state court; he has no federal claim arising from enforcement of the Private Settlement Agreement. (*See* Private Settlement Agreement, ¶ 6(B); *see also* Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(c)(2)(B) ("Nothing in this section shall preclude any party claiming that a private

settlement agreement has been breached from seeking in State court any remedy available under State law."); *Shultz v. Wells*, 73 F. App'x 794, 796 (6th Cir. 2003) ("Moreover, the statute [PLRA] specifically provides that private settlement agreements are enforceable 'in State court.'" (citing 18 U.S.C. § 3626(c)(2)(B)).) Moreover, this Court lacks jurisdiction to review a final state court decision:

> Federal district courts do not stand as appellate courts for decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Rooker-Feldman doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Luber v. Sprague*, 90 Fed. Appx. 908, 910 (6th Cir. 2004). Federal courts' "authority to review a state court's judgment" is vested "solely in [the Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

*Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013); *see also Ryan v. McIntosh*, No. 2:13-cv-00880, 2014 WL 580137, *6 (S.D. Ohio Feb. 12, 2014) (finding that the *Rooker-Feldman* doctrine divests the court of jurisdiction to review a final state court decision). For all of these reasons, Plaintiff's action must be dismissed in its entirety.

### III.  CONCLUSION

Plaintiff's request to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. However, for the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for relief on which relief can be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this Order and Initial Screen Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

DATED: August 22, 2019

<u>*/s/ Elizabeth A. Preston Deavers*</u>
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**